UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In Re:                                                                Case No. 16-21497-PGH
                                                                      Chapter 11
**CLUB VILLAGE, LLC,**

        Debtor.
_____/

**DEBTOR'S EXPEDITED MOTION TO USE CASH COLLATERAL
OF LENDER CF SBC PLEDGOR 1 2012-1 TRUST**

**EMERGENCY HEARING REQUESTED**

**Reason for Exigency**

**The Debtor requires the use of cash collateral of lender CF SBC Pledgor 1 2012-1 Trust to continue its business operations. Therefore, the Debtor moves the Court on an emergency basis for interim authority to use cash collateral.**

Pursuant to Section 363 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure, Club Village, LLC, the Debtor and Debtor-in-Possession (the "Debtor"), moves the Court for the entry of an order authorizing its continued use of cash collateral on which the lender CF SBC Pledgor 1 2012-1 Trust, a Delaware statutory trust (the "Lender") alleges a first priority lien and to provide adequate protection to the Lender. In support of its motion, the Debtor states:

    1.    This case was commenced by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code on August 22, 2016 [ECF 1]. Previously, the Debtor was a debtor in this Court under case number 12 – 35171 – PGH, and said case was dismissed voluntarily by the debtor with a nine month prejudice period. The Debtor has continued to operate its business and manage its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

- 1 -

2. The Debtor is an 84-unit apartment complex, of which 81 units are rented, located at 1601 NW 13th St., Boca Raton, Florida, 33486.

3. As of the filing date, the Debtor is allegedly indebted to the Lender in the approximate total amount of $10,900,000.00. A judgment has been entered against the Debtor in the case of CF SBC Pledgor Trust v. Club Village LLC, Case 502012CA012536XXXXMB and said judgment is currently under appeal, Case 4D16-2463, Fourth District Court of Appeals.

4. The Indebtedness is secured by, among other things, a Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing dated August 27, 2007, recorded in Official Records Book 22059, Page 0583 in the Public Records of Palm Beach County, Florida (the "Mortgage"), previously held by Washington Mutual Bank. Said Mortgage was (allegedly) subsequently assigned to J.P. Morgan Chase on August 23, 2011, then to CF SBC 1 LLC on December 21, 2011, then to CF SBC 1 2011-1 Trust on April 9, 2012, and then to the Lender on May 24, 2012 .

5. The cash generated by the Debtor constitutes cash collateral within the meaning of § 363(a) of the Bankruptcy Code (the "Cash Collateral"). The Debtor requires the use of the Cash Collateral for the continued operation of its business in the ordinary course, including payment of expenses attendant thereto; and, the Debtor is willing to provide the Lender with adequate protection of its secured interest in the Cash Collateral. Without the use of the Cash Collateral, the Debtor will be forced to discontinue its business operations. The loan documents are available from undersigned counsel upon request.

6. By the terms of the loan documents, the Debtor granted to the Lender a security interest in the assets of the Debtor including, but not limited to, the land in which the Debtor holds a fee simple interest, located at 1601 NW 13th St., Boca Raton, Florida, 33486 (the "Land")

together with all buildings and structures situated on the Land as well as all rents and revenues associated with the Land, accounts receivable and notes receivable belonging to the Debtor, with any and all replacements, accessions and any and all other property rights that may derive from or accrue to the collateral and all general intangibles (the "Collateral").

7. In order (i) to adequately protect the Lender in connection with the Debtor's use of the Cash Collateral, and (ii) to provide the Lender with additional adequate protection in respect to any decrease in the value of its interests in the Collateral resulting from the stay imposed under § 362 of the Bankruptcy Code or the use of the Collateral by the Debtor, the Debtor would offer as adequate protection of the Lender's collective lien, a first priority post-petition lien on all cash generated post-petition.

8. An immediate and critical need exists for the Debtor to be permitted to access Cash Collateral to continue to operate. Therefore, the Debtor seeks a preliminary hearing in accordance with Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). At the Preliminary Hearing, the Debtor will seek entry of an Interim Order in order to preserve the value of its assets so as to avoid immediate and irreparable harm to the estate and to afford the Debtor adequate time to negotiate and seek approval for additional cash collateral use, subject to and within the limits imposed by a mutually agreed-upon budget (the "Budget").

9. Accordingly, it is appropriate for the Court to enter an order authorizing the use of Cash Collateral by the Debtor in accordance with the terms of the attached Budget hereto as Exhibit "A".

10. The terms of the proposed use of the Cash Collateral and adequate protection arrangements are fair and reasonable under the circumstances and reflect the Debtor's exercise of prudent business judgment.

11. The Debtor believes that the relief sought in this Motion is in the best interest of the Debtor, the estate and creditors and that the entry of an Interim Order will allow for the continued operation of the Debtor's existing business for the purposes set forth above.

WHEREFORE, the Debtor respectfully requests an order authorizing the use of the Cash Collateral pursuant to the terms described herein and granting such other relief as this Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing will be furnished to all creditors and interested parties with the Notice of Hearing on this Motion.

Respectfully submitted,

Furr Cohen, P.A.
*Attorneys for the Debtor*
2255 Glades Road, Suite 337W
Boca Raton, FL 33431
(561) 395-0500/(561)338-7532-fax

By /s/ *Aaron A. Wernick*
  Aaron A. Wernick, Esq.
  FL Bar No. 14059
  Email: awernick@furrcohen.com

**EXHIBIT A**
**BUDGET**

## CLUB VILLAGE, LLC
## MONTHLY BUDGET

## Income
| | |
|---|---|
| **Total Income** | **$74,500.00** |

## Expenses
| | |
|---|---|
| Advertising | $250.00 |
| Appliances | $500.00 |
| Automobile Expense | $300.00 |
| Bank Service Charges | $60.00 |
| Cable | $3,300.00 |
| Commission Expense | $500.00 |
| Credit Background Research Fees | $100.00 |
| Dues & Subcriptions | $150.00 |
| Insurance Expense | $6,000.00 |
| Janitorial | $600.00 |
| L/H Improvements | $6,500.00 |
| Licenses & Fees | $150.00 |
| Maintenance | $2,500.00 |
| Maintenance Supplies | $2,500.00 |
| Maintenance:Pest Control | $900.00 |
| Meals & Entertainment | $250.00 |
| Mortgage Payments | $12,500.00 |
| Office Expenses | $700.00 |
| Office Supplies | $275.00 |
| Payroll Expenses:Hourly wages | $7,700.00 |
| Payroll Expenses:P/R Taxes | $1,200.00 |
| Payroll Expenses:Salary Wages | $3,000.00 |
| Postage & Delivery | $65.00 |
| Printing & Reproduction | $40.00 |
| Repairs | $3,000.00 |
| Repairs:Computers/network | $475.00 |
| Security | $90.00 |
| Taxes: Property | $8,500.00 |
| Telephone Expense | $1,250.00 |
| Travel & Entertainment | $0.00 |
| Utilities:Electric | $1,500.00 |
| Utilities:Water & Sewer | $4,200.00 |
| Waste removal | $125.00 |
| **Total Expense** | **$69,180.00** |
| | |
| **Net Operating Income** | **$5,320.00** |
| Total Net Income | $5,320.00 |

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In Re:                                                        Case No. 16-21497-PGH
                                                                                                 Chapter 11

**CLUB VILLAGE, LLC,**

         **Debtor.**
_____/

**FIRST INTERIM ORDER GRANTING DEBTOR'S MOTION TO USE CASH
COLLATERAL OF LENDER CF SBC PLEDGOR 1 2012-1 TRUST**

    **THIS MATTER** came before the Court on _____, 2016, in West Palm Beach, Florida upon the Debtor's Motion to Use Cash Collateral of Lender CF SBC Pledgor 1 2012-1 Trust [ECF  ] (the "Motion").  Adequate notice of the hearing was given under the circumstances. The Court, having reviewed the record and having heard the argument of counsel, being advised that the Debtor and Lender CF SBC Pledgor 1 2012-1 Trust have agreed to the relief sought as described in the Motion, and being otherwise fully advised in the premises, does hereby

    **ORDER and ADJUDGE** as follows:

    1.        The Motion is **GRANTED** to the extent set forth herein.

- 1 -

2. The Debtor is hereby authorized to use the Cash Collateral (as defined in the Motion) of Lender CF SBC Pledgor 1 2012-1 Trust (the "Lender") in the manner set forth in the Motion and provided in this Order, on an interim basis until _____, 2016.

3. The Debtor is hereby permitted to use Cash Collateral, as defined in 11 U.S.C. § 363 (a), including the cash or noncash proceeds of assets that were not Cash Collateral on the Petition Date ("Cash Collateral") up to the amounts shown in the Budget attached hereto.

4. As a condition of permitting the Debtor to use Cash Collateral as provided herein, the Debtor will operate strictly in accordance with the Budget and to spend Cash Collateral not to exceed ten percent (10%) above the amount shown in the Budget.

5. As adequate protection for the use of Cash Collateral and for any diminution in value of the Lender's prepetition collateral as described in the loan documents between the Debtor and the Lender (the "Pre-petition Collateral") and post-petition interest, costs, and fees ("Post-petition Indebtedness"), and as security of the Post-petition Indebtedness, the Lender is hereby granted a valid, perfected lien upon and security interests to the extent and in the order of priority of any valid lien pre-petition.

6. Unless waived by the Lender, the Debtor shall immediately cease using Cash Collateral upon the occurrence of one of the following events (an "Event of Default"):

    a. If the Debtor or any other party-in-interest institutes any litigation of any type or nature against the Lender;

    b. If a trustee is appointed in this Chapter 11 Case;

    c. If the Debtor breaches any term or condition of this Order or any of the Lender's loan documents, other than defaults existing as of the Petition Date;

    d. If the Case is converted to a case under Chapter 7 of the Bankruptcy Code; or

    e. The case is dismissed.

7. The Debtor shall immediately cease using any Cash Collateral upon receipt of a written notice from the Lender that an Event of Default has occurred. Upon the filing of an appropriate motion, the party that gave notice shall be entitled to a hearing on not more than two (2) business days' notice (subject to the Court's docket), which notice period commences the day on which actual service of a notice of an Event of Default is made by fax or by hand delivery on counsel for the Debtor, at which time the Lender may seek relief, including, without limitation, the following:

    a. The lifting of the automatic stay under 11 U.S.C. §362 and permitting the Lender to take possession of all or a part of the Prepetition Collateral;

    b. The abandonment and immediate delivery to the Lender of all or any part of the Prepetition Collateral, which the Lender shall be permitted to sell in accordance with applicable law, either piecemeal or as a going concern;

    c. The entry of an order prohibiting or limiting the further use of Cash Collateral;

    d. The appointment of a trustee in either chapter 11 proceeding or the entry of an order converting the Case to chapter 7; and/or

    e. Such further or other relief as provided in the Lenders' loan documents, the Bankruptcy Code, or applicable non-bankruptcy law, including, without limitation, accelerating all indebtedness.

8. In addition to the Lender's right upon the occurrence of an Event of Default, the agreements by the Lender as set forth herein to allow the use of Cash Collateral may be terminated by the Lender prior to the occurrence of an Event of Default, without cause, at any time upon ten (10) business days written notice to the Debtor (with copies to the Debtor's counsel, the U.S. Trustee, and the Court approved counsel for any official committees appointed in this case). Such notice shall be delivered by hand delivery, fax, or overnight mail. Upon termination, the Prepetition Indebtedness and Post-petition Indebtedness, including all accrued and accruing interest, costs, and expenses, including reasonable attorneys' fees, shall then be immediately due

and payable; provided however, that the obligations and rights of the Lender and the Debtor with respect to all transactions which have occurred prior to such termination, including, without limitation, the Lender's security interests in and liens on the Prepetition Collateral and Post-petition Collateral shall remain unimpaired and unaffected by any such termination and shall survive such termination; and provided further that upon such termination the Lender shall be deemed to have retained all its rights and remedies, including, without limitation, those provided pursuant to the Bankruptcy Code and applicable non-bankruptcy law.

9. Upon receipt of a notice of an Event of Default or if the Lender exercises its rights under Paragraph 10, the Debtor shall be entitled to file an appropriate motion for authority to use Cash Collateral (the "Cash Collateral Motion"), provided, however, that the Lender shall be given at least two (2) business days written notice of any hearing (subject to the Court's docket), which notice period commences the day on which actual service is made by fax or by hand delivery on the respective Counsel for the Lender, of the Cash Collateral Motion, and the Lender shall be free to oppose the Cash Collateral Motion and assert any objections available to it under applicable law. In connection with the Cash Collateral Motion or any other actions taken by the Lender, including actions to lift the automatic stay or prohibit the use of Cash Collateral, all terms of this Order shall be conclusive. The Debtor agrees that it shall not seek to grant a lien that is equal or senior to the Prepetition Collateral.

10. Payment by the Debtor of expenses other than those set forth in the submitted Budget shall constitute cause to seek to lift the automatic stay in accordance with the provisions of this Order unless the Lender consents to those changes in writing. In consenting to a Budget and by taking any other actions pursuant to this Order, the Lender shall not have any liability to

any third party and shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" with respect to the operation or management of the Debtor.

11. This Order shall be binding on a subsequently appointed Chapter 11 or Chapter 7 Trustee in Bankruptcy.

12. The Lender shall not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any Prepetition Collateral, Post-petition Collateral, or otherwise.

13. The liens and security interest granted to the Lender shall be valid and perfected post-petition without the need for execution or filing of any further documents or instruments otherwise required to be filed or be executed or filed under non-bankruptcy law.

14. The Debtor shall forthwith serve a copy of this Order and the Motion on all parties and counsel entitled to notice pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

15. The continued hearing to consider the Debtor's use of the cash Collateral of the Lender shall be held on _____, 2016, at _____ _.m. at the U.S. Bankruptcy Court, 1515 N. Flagler Drive, 8th Floor, Courtroom A, West Palm Beach, Florida, 33401.

###

Submitted by:
Aaron A. Wernick, Esquire
Furr and Cohen, P.A.
*Attorneys for Debtor*
2255 Glades Road, Suite 337W
Boca Raton, FL 33431
(561) 395-0500 /(561) 338-7532-fax
e-mail: awernick@furrcohen.com

*Attorney Aaron Wernick is Directed to Serve Copies of this Order on All Parties and Counsel Entitled to Notice Pursuant to Rule 4001(B) of the Federal Rules of Bankruptcy Procedure and to File a Certificate of Service.*